Stephen H. Kline #5-1761
Melinda S. McCorkle #6-3905
Kline Law Office, P.C.
First Interstate Bank Building
401 W. 19th Street, Suite 306
Cheyenne, WY 82001
Phone: 307-778-7056
Fax: 307-635-8106

Attorneys for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JUL 9 PM 1 19

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **KELLY OSBORNE** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 13-CV-139-S |
| **BAXTER HEALTHCARE CORPORATION** | ) |
| d/b/a Biolife Plasma Services, L.P. | ) |
| Defendant. | ) |

### COMPLAINT AND JURY DEMAND

Plaintiff Kelly Osborne respectfully submits the following complaint against the defendant, Baxter Healthcare Corporation d/b/a Biolife Plasma Services, L.P. ("Baxter").

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Kelly Osborne is domiciled in and is a citizen of the state of Wyoming. Prior to her marriage, Kelly Osborne was known as Kelly Layne.

2. Baxter Healthcare Corporation is a Delaware corporation with its principal place of business in Deerfield, Illinois. Baxter Healthcare Corporation does business in Wyoming as Biolife Plasma Services, L.P. which is a Pennsylvania limited partnership.

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the events that gave rise to this case occurred in Wyoming.

## GENERAL ALLEGATIONS

5. Ms. Osborne is a person with a disability as the term is defined at 42 U.S.C. §12102. Ms. Osborne is deaf. She has substantial limitations in the major life activity of hearing.

6. Defendant regarded Ms. Osborne as having a physical impairment that substantially limited one or more major life activities.

7. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of the ADA, 42 U.S.C. §12111(5) and has employed at least fifteen (15) employees.

8. At all relevant times, Defendant has been a covered entity under the ADA, 42 U.S.C. §12111(2).

9. Ms. Osborne filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

10. The EEOC issued a right to sue letter to Ms. Osborne.

11. Ms. Osborne timely commenced this action after her receipt of the right to sue letter from the EEOC.

12. Ms. Osborne has satisfied all conditions precedent to the institution of this lawsuit.

### FIRST CLAIM FOR RELIEF

[Employment Discrimination in violation of 42 U.S.C. § 12112(a)]

13. Ms. Osborne incorporates the previous allegations of this Complaint.

14. Ms. Osborne is qualified to work as a plasma technician and as a sample preparation technician.

15. Ms. Osborne received education in phlebotomy from Southwest Phlebotomy. A phlebotomist is a technician trained to draw blood. She worked as a phlebotomist and in related fields from 2002 to 2008 collecting DNA specimens, as a quality control laboratory technician, and as a phlebotomist collecting and processing blood plasma.

16. On August 5, 2008, Ms. Osborne delivered a resume to Baxter in Wyoming. Joe Elder, the plasma center manager, phoned Ms. Osborne to schedule an interview.

17. On August 19, 2008, Ms. Osborne interviewed with two Baxter employees. She disclosed her deafness during these interviews. She was invited to interview with the center manager the following day.

18. On August 20, 2008, Ms. Osborne interviewed with Joe Elder for a position as a plasma technician. Mr. Elder told Ms. Osborne that he would hire her as a sample preparation

3

technician to work in the laboratory preparing samples. This was a different position than the one for which Ms. Osborne applied.

19. Mr. Elder and Ms. Osborne specifically discussed her deafness. Mr. Elder told her that her deafness would not be a problem. He stated that the position for which he was hiring her would not involve monitoring plasma collection machines or answering telephones. She would not be dealing with plasma donors, but only with the samples that had been donated. Mr. Elder told her to fill out an application online. Ms. Osborne completed the online application later in the day.

20. On August 21, 2008, Ms. Osborne received an offer of employment as a plasma center technician by e-mail and was instructed to report for her first day of work on September 8.

21. Before reporting for work, Ms. Osborne underwent the required drug screening and provided her consent for a background check.

22. On September 8, 2008, Ms. Osborne reported to work at Baxter. She was informed by Mr. Elder that Baxter was retracting its job offer.

23. Ms. Osborne was qualified, with or without reasonable accommodation, for the plasma technician position for which she applied. She can perform the essential functions of a plasma technician with reasonable accommodations.

24. Ms. Osborne was qualified, with or without reasonable accommodation, for the sample preparation technician position for which she was hired. She can perform the essential functions of a sample preparation technician.

25. Defendant failed to engage in good faith in an interactive process to identify reasonable accommodations that would allow Ms. Osborne to perform the essential functions of the plasma technician or sample preparation technician positions.

26. Defendant failed to engage in an appropriate direct threat analysis before refusing to consider Ms. Osborne for the plasma technician position.

27. Defendant's conduct violated the Americans with Disabilities Act by discriminating against Ms. Osborne on the basis of her disability. The Defendant's discriminatory conduct included:

   a. refusing to hire Ms. Osborne for the position of plasma technician for which she applied and for which she was qualified with or without reasonable accommodation;

   b. revoking the offer of employment as a sample preparation technician;

   c. not making reasonable accommodation to Ms. Osborne's known physical limitations;

   d. denying employment opportunities to Ms. Osborne based on the need to make reasonable accommodation to her physical impairments, and;

   e. using qualification standards or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities.

28. Defendant's conduct in violation of 42 U.S.C. §12112(a) was intentional and defendant acted with malice or reckless indifference to Ms. Osborne's federally protected rights.

29. Ms. Osborne sustained economic and noneconomic damages as a result of Defendant's violation of 42 U.S.C. §12112(a).

WHEREFORE, Plaintiff, by counsel, respectfully requests this Court to enter judgment on her behalf and against defendant for the following:

a. noneconomic damages including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial;

b. economic damages including appropriate back pay, reinstatement or front pay;

c. costs and reasonable attorney's fees pursuant to 42 U.S.C. §12205;

d. interest as provided by law, and;

e. such further relief as the Court deems necessary and proper.

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY OF ALL ISSUES.

Dated: July 9th, 2013.

*/s/ Melinda S. McCorkle*

Stephen H. Kline #5-1761
Melinda S. McCorkle #6-3905
Kline Law Office, P.C
First Interstate Bank Building
401 W. 19th Street, Suite 306
Cheyenne, WY 82001
Phone: 307-778-7056
Fax: 307-635-8106
Attorneys for Plaintiff Kelly Osborne